**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PREVALENT DISPLAY LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>BOE TECHNOLOGY GROUP CO., LTD.,<br><br>*Defendant.* | Case No. 2:26-cv-01044<br><br>**Complaint for Patent Infringement**<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Prevalent Display LLC ("Prevalent") alleges as follows against Defendant BOE Technology Group Co., Ltd. ("BOE"):

## **INTRODUCTION**

1. This complaint arises from the infringement by Defendant BOE Technology Group Co., Ltd. ("BOE") of the following United States patents: U.S. Patent Nos. 10,297,620 (the "'620 patent") and 11,075,226 (the "'226 patent") (collectively, the "Asserted Patents"). The Asserted Patents are directed to novel advances in organic light-emitting diode (OLED) display technology.

2. The '620 and '226 patents address a problem in the thin-film-transistor backplanes of display devices: the connecting member that extends into a contact via to reach a transistor's gate electrode must have a larger width there to prevent peeling caused by the height difference, while its middle part can have a reduced width to keep the gap between the connecting member and the adjacent power line. *See* '226 patent at 7:6-20.

3. Founded in 1993, BOE describes itself as a global leader in the research, development, and manufacture of semiconductor displays and a technological pioneer in the field of OLED displays. *See BOE Tech. Grp. Co. v. Samsung Display Co.*, No. 2:25-cv-00587-JRG, Dkt. 1 ¶ 1 (E.D. Tex. May 27, 2025). BOE has filed more than 100,000 patent applications, including 30,000 applications for flexible OLED technology. *See BOE Tech. Grp. Co. v. Samsung Display Co.*, No. 2:25-cv-00587-JRG, Dkt. 1 ¶ 2 (E.D. Tex. May 27, 2025).

4. Innolux Corporation was the original assignee of each Asserted Patent.

5. Innolux assigned all right, title, and interest in each Asserted Patent to Prevalent, and that assignment was recorded with the United States Patent and Trademark Office on April 30, 2026, at Reel/Frame 075669/0430.

6. Prevalent is the sole owner of all right, title, and interest in and to each Asserted Patent, including the right to sue for and recover damages for past, present, and future infringement, and it has standing to bring this action in its own name.

7. The Accused Instrumentalities are OLED display panels made by or for BOE, including by its subsidiaries, that use the thin-film-transistor backplane structures charted in Exhibits 3 and 4, together with the products that incorporate those panels, including without limitation the Apple iPhone 17e and the Google Pixel 10a, and all versions and variations thereof (collectively, the "Accused Instrumentalities").

**BOE OLED Display Panels**

8. BOE has represented to this Court that its accused display products "are not finished goods," but interim products that it ships to its customers' original equipment manufacturers or to hubs its customers designate. *See Def. BOE Tech. Grp. Co.'s Mot. to Dismiss or Quash Based on*

*Insufficient Service of Process, Longitude Licensing Ltd. v. BOE Tech. Grp. Co.*, No. 2:23-cv-00515-JRG-RSP, Dkt. 13 at 9 (E.D. Tex. Dec. 21, 2023) (withdrawn per Dkt. 45).

9. BOE's subsidiary Chengdu BOE Optoelectronics Technology Co., Ltd., a PRC corporation, joined BOE as a co-plaintiff in BOE's OLED patent action in this District. *See BOE Tech. Grp. Co. v. Samsung Display Co.*, No. 2:25-cv-00587-JRG, Dkt. 1 ¶ 13 (E.D. Tex. May 27, 2025).

10. BOE has stated in this District that a display maker purposefully avails itself of the laws and protections of the United States and Texas by knowingly supplying or contracting to supply displays for incorporation into products to be sold, offered for sale, imported, or used in the United States, Texas, and this District. *See BOE Tech. Grp. Co. v. Samsung Display Co.*, No. 2:25-cv-00587-JRG, Dkt. 1 ¶¶ 16–17 (E.D. Tex. May 27, 2025).

**Apple iPhone 17e**

11. Apple has signed up BOE as the first OLED supplier for the iPhone 17e smartphone, and BOE supplies the majority of the iPhone 17e's AMOLED panels. *See, e.g.,* Ron Mertens, Apple Signs Up BOE to Supply the Majority of Its LTPS AMOLED Panels for the Budget 2026 iPhone 17e, OLED-Info (Dec. 5, 2025), https://www.oled-info.com/apple-signs-boe-supply-majority-its-ltps-amoled-panels-budget-2026-iphone-17e (last visited Nov. 9, 2026).

**PARTIES**

12. Plaintiff Prevalent Display LLC is a limited liability company, organized under the laws of Texas, with its principal place of business at 500 North Central Expressway, Suite 500, Plano, Texas.

13. Defendant BOE Technology Group Co., Ltd. is a corporation, organized under the laws of the People's Republic of China, with its principal place of business at No. 12 Xihuanzhong RD, BDA, Beijing, 100176, People's Republic of China.

## JURISDICTION AND VENUE

14. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

15. This Court has personal jurisdiction over BOE. BOE has committed acts of infringement in this District giving rise to this action, directly and through its subsidiaries, affiliates, distributors, and customers, and BOE places the Accused Instrumentalities into the stream of commerce with the knowledge and expectation that they will be incorporated into smartphones that are imported into, sold in, and used in the United States, Texas, and this District. BOE has therefore purposefully availed itself of the privilege of conducting business in this forum, this action arises out of and relates to those contacts, and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. In the alternative, the Court has personal jurisdiction over BOE under Federal Rule of Civil Procedure 4(k)(2), because BOE is a foreign corporation not subject to the general jurisdiction of any state, Prevalent's claims arise under federal law, and BOE has sufficient contacts with the United States as a whole.

16. Venue is proper in this District under 28 U.S.C. § 1391(c)(3).

17. BOE is a foreign corporation; it has admitted in this District, in its own complaint, that it is a corporation organized and existing under the laws of the People's Republic of China. *See BOE Tech. Grp. Co. v. Samsung Display Co.*, No. 2:25-cv-00587-JRG, Dkt. 1 ¶ 12 (E.D. Tex. May 27, 2025). Venue is therefore proper as to BOE in any judicial district, including this one, under 28 U.S.C. § 1391(c)(3).

18. BOE has also acknowledged this Court's jurisdiction by bringing its own patent actions concerning OLED displays in the Marshall Division of this District. *See BOE Tech. Grp. Co. v. Samsung Display Co.*, No. 2:25-cv-00587-JRG, Dkt. 1 at 1, ¶ 11 (E.D. Tex. May 27, 2025). In those actions, BOE took the position that a display maker purposefully avails itself of the laws

and protections of the United States and Texas by knowingly supplying or contracting to supply displays for incorporation into products to be sold, offered for sale, imported, or used in the United States, Texas, and this District—precisely what BOE does with the Accused Instrumentalities. *See BOE Tech. Grp. Co. v. Samsung Display Co.*, No. 2:25-cv-00587-JRG, Dkt. 1 ¶¶ 16–17 (E.D. Tex. May 27, 2025).

19. BOE also serves its U.S. customers directly; it has represented to this Court that its subsidiary BOE Technology America, Inc. has a few dozen U.S. employees and that its main business is to provide technical and pre-sale service to U.S. customers of BOE. *See Def. BOE Tech. Grp. Co.'s Mot. to Dismiss or Quash Based on Insufficient Service of Process, Longitude Licensing Ltd. v. BOE Tech. Grp. Co.*, No. 2:23-cv-00515-JRG-RSP, Dkt. 13 at 2 (E.D. Tex. Dec. 21, 2023) (withdrawn per Dkt. 45). BOE's OLED display panels, including the panels in the Apple iPhone 17e and the Google Pixel 10a, are incorporated into smartphones that are sold to and used by consumers throughout the United States, including in this District.

**COUNT 1 – INFRINGEMENT OF THE '620 PATENT**

20. Prevalent incorporates by reference the allegations of paragraphs 1 through 20 as if fully set forth herein and further alleges as follows:

21. On May 21, 2019, the United States Patent and Trademark Office issued U.S. Patent No. 10,297,620, titled "Display device."

22. Prevalent owns all right, title, and interest in and to the '620 patent, including the exclusive right to enforce it, to sublicense it, and to recover all past, present, and future damages for its infringement.

23. The claims of the '620 patent were duly issued by the United States Patent and Trademark Office and are presumed by statute to be valid.

24. The claims of the '620 patent are patent eligible under 35 U.S.C. § 101.

25. The claims of the ’620 patent are not directed to abstract ideas and recite technical solutions to the technical problem of peeling, poor electrical contact, and electrostatic damage of the conductive member that connects to a thin-film transistor gate electrode through a contact via in a display backplane, as the specification describes:

> When the connecting member 1181 is designed to have a larger width at the opening 1161 of the metal layer 116, the contact area of the connecting member 1181 at the opening 1161 can be increased. Therefore, the peeling of the connecting member 1181 at the opening 1161 due to the height difference can be prevented to ensure the good electrical connection between the connecting member 1181 and the gate electrode 114.

’620 patent, 6:19-26.

26. The written description of the ’620 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

27. BOE has directly infringed and continues to directly infringe (literally and equivalently) the ’620 patent under 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and importing the Accused Instrumentalities, including the BOE OLED display panel in the Apple iPhone 17e and the BOE OLED display panel in the Google Pixel 10a, which infringe one or more claims of the ’620 patent, without a license or permission from Prevalent.

28. **Exhibit 1** is a true and correct copy of the ’620 patent. **Exhibit 3** provides a description of the Accused Instrumentalities and a chart showing an example of how they infringe at least one claim of the ’620 patent, which Prevalent provides without the benefit of information about the Accused Instrumentalities obtained through discovery.

29. BOE also knowingly and intentionally induces and contributes to infringement of the '620 patent in violation of 35 U.S.C. §§ 271(b)-(c). For example, since at least the date of service of this Complaint, BOE has had knowledge of the '620 patent and of the infringing nature of the Accused Instrumentalities. Despite this knowledge, BOE continues to encourage and instruct customers and end users to use the Accused Instrumentalities in an infringing manner.

30. BOE induces infringement by its customers, including Apple and Google and their contract manufacturers, by manufacturing, selling, and offering to sell OLED display panels that are, by BOE's own description, not finished goods but interim products made to be incorporated into its customers' devices. *See Def. BOE Tech. Grp. Co.'s Mot. to Dismiss or Quash Based on Insufficient Service of Process, Longitude Licensing Ltd. v. BOE Tech. Grp. Co.*, No. 2:23-cv-00515-JRG-RSP, Dkt. 13 at 9 (E.D. Tex. Dec. 21, 2023) (withdrawn per Dkt. 45). BOE supplies the majority of the OLED panels for the Apple iPhone 17e, a smartphone that Apple imports into, offers for sale, and sells throughout the United States. *See, e.g.,* Ron Mertens, Apple Signs Up BOE to Supply the Majority of Its LTPS AMOLED Panels for the Budget 2026 iPhone 17e, OLED-Info (Dec. 5, 2025), https://www.oled-info.com/apple-signs-boe-supply-majority-its-ltps-amoled-panels-budget-2026-iphone-17e (last visited Nov. 9, 2026). BOE knows that its panels are destined for the United States: it has itself told this Court that supplying displays for incorporation into products to be sold, imported, or used in the United States, Texas, and this District is purposeful conduct directed at this forum. *See BOE Tech. Grp. Co. v. Samsung Display Co.*, No. 2:25-cv-00587-JRG, Dkt. 1 ¶¶ 16–17 (E.D. Tex. May 27, 2025).

31. BOE also supports those customers in the United States: the main business of its U.S. subsidiary is to provide technical and pre-sale service to U.S. customers of BOE, encouraging and enabling their incorporation of BOE's panels into devices sold here. *See Def. BOE Tech. Grp.*

*Co.'s Mot. to Dismiss or Quash Based on Insufficient Service of Process, Longitude Licensing Ltd. v. BOE Tech. Grp. Co.*, No. 2:23-cv-00515-JRG-RSP, Dkt. 13 at 2 (E.D. Tex. Dec. 21, 2023) (withdrawn per Dkt. 45).

32. On information and belief, BOE also provides ongoing technical support to its customers and end users and encourages them to use the Accused Instrumentalities in an infringing manner.

33. BOE's customers and end users directly infringe the '620 patent under 35 U.S.C. § 271(a) by importing, selling, offering to sell, and using Apple iPhone 17e and Google Pixel 10a smartphones and other devices that incorporate the accused BOE display panels, in the manner BOE instructs and intends, and BOE's inducement causes that direct infringement.

34. BOE's manufacturers, developers, and distributors also directly infringe the '620 patent when they make, use, sell, offer for sale, and import the Accused Instrumentalities, and BOE's inducement causes that direct infringement.

35. Thus, with full knowledge of the '620 patent and knowledge that the acts it induces constitute infringement of the '620 patent, BOE has knowingly and intentionally induced and continues to induce infringement of the '620 patent.

36. BOE also contributes to the infringement of the '620 patent by selling, offering for sale, or importing into the United States the Accused Instrumentalities, which incorporate the accused BOE OLED display panels and their thin-film-transistor backplanes, which include the claimed gate-electrode and connecting-member structures. That component constitutes a material part of the inventions claimed in the '620 patent, is especially made or especially adapted to infringe the '620 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

37. For example, in **Exhibit 3**, that component is especially made or adapted to infringe the ’620 patent. On information and belief, including a reasonable investigation conducted on behalf of Prevalent into the uses of the Accused Instrumentalities and a review of BOE’s marketing and instructional materials, the claimed backplane structures of the accused BOE panels have no substantial non-infringing use: they are fixed in the panel when it is manufactured, they cannot be used except as part of the accused display device, and a reasonable investigation into the uses of the Accused Instrumentalities identified no other use for them.

38. The accused BOE display panels are especially made for incorporation into its customers’ smartphones; BOE has represented that they are not finished goods but interim products shipped to its customers’ original equipment manufacturers. *See Def. BOE Tech. Grp. Co.'s Mot. to Dismiss or Quash Based on Insufficient Service of Process, Longitude Licensing Ltd. v. BOE Tech. Grp. Co.*, No. 2:23-cv-00515-JRG-RSP, Dkt. 13 at 9 (E.D. Tex. Dec. 21, 2023) (withdrawn per Dkt. 45). BOE designs and manufactures those panels as a self-described technological pioneer in OLED displays, and their thin-film-transistor backplanes are fixed in the claimed configuration when the panels are made. *See BOE Tech. Grp. Co. v. Samsung Display Co.*, No. 2:25-cv-00587-JRG, Dkt. 1 ¶ 1 (E.D. Tex. May 27, 2025).

39. That component is known by BOE to be especially made or especially adapted for use in practicing the claims of the ’620 patent. As set forth above, BOE has knowledge of the ’620 patent and instructs customers and end users to use the Accused Instrumentalities to practice those claims.

40. BOE has also willfully infringed the ’620 patent.

41. BOE has had knowledge of the ’620 patent, and of its infringement of it, since at least the filing and service of this Complaint. Thus, as of that date, BOE has known, or has been

willfully blind to the fact, that making, using, offering to sell, and selling the Accused Instrumentalities to its customers would constitute infringement of the ’620 patent.

42. Despite that knowledge, BOE has continued to make, use, sell, offer to sell, and import the Accused Instrumentalities without taking any steps to avoid infringing the ’620 patent, and that continued infringement after notice is deliberate and willful.

43. BOE’s infringement of the ’620 patent has been and continues to be willful, entitling Prevalent to enhanced damages under 35 U.S.C. § 284.

44. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, BOE has injured Prevalent and is liable for infringement of the ’620 patent pursuant to 35 U.S.C. § 271.

45. As a result of BOE’s infringement of the ’620 patent, Prevalent is entitled to monetary damages in an amount adequate to compensate for BOE’s infringement, but in no event less than a reasonable royalty for the use made of the invention by BOE, together with interest and costs as fixed by the Court.

46. Prevalent’s claims for damages are not limited under 35 U.S.C. § 287, at least because, on information and belief, there are no unmarked patented articles subject to a duty to mark under the ’620 patent. In any event, BOE has had actual notice of the ’620 patent and of its infringement since at least the filing and service of this Complaint.

## COUNT 2 – INFRINGEMENT OF THE ’226 PATENT

47. Prevalent incorporates by reference the allegations of paragraphs 1 through 20 as if fully set forth herein and further alleges as follows:

48. On July 27, 2021, the United States Patent and Trademark Office issued U.S. Patent No. 11,075,226, titled “Display device.”

49. Prevalent owns all right, title, and interest in and to the ’226 patent, including the exclusive right to enforce it, to sublicense it, and to recover all past, present, and future damages for its infringement.

50. The claims of the ’226 patent were duly issued by the United States Patent and Trademark Office and are presumed by statute to be valid.

51. The claims of the ’226 patent are patent eligible under 35 U.S.C. § 101.

52. The claims of the ’226 patent are not directed to abstract ideas and recite technical solutions to the technical problem of the competing demands that the conductive member connected to a thin-film transistor gate be wide enough at its contact via to avoid peeling, yet narrow enough elsewhere to keep its spacing from adjacent power-supply lines, as the specification describes:

> However, unlike the region where the first terminal part 1181a and the second terminal part 1181b disposed thereon, the region where the middle part 1181c disposed thereon does not have the height difference; therefore, the middle part 1181c is not required to have larger width. Hence, the width of the middle part 1181c can be reduced, and the gap between the middle part 1181c and the power supply circuit 1182 can be maintained.

’226 patent, 7:12-20.

53. The written description of the ’226 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

54. BOE has directly infringed and continues to directly infringe (literally and equivalently) the ’226 patent under 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and importing the Accused Instrumentalities, including the BOE OLED display panel in the Apple

iPhone 17e and the BOE OLED display panel in the Google Pixel 10a, which infringe one or more claims of the ’226 patent, without a license or permission from Prevalent.

55. **Exhibit 2** is a true and correct copy of the ’226 patent. **Exhibit 4** provides a description of the Accused Instrumentalities and a chart showing an example of how they infringe at least one claim of the ’226 patent, which Prevalent provides without the benefit of information about the Accused Instrumentalities obtained through discovery.

56. BOE also knowingly and intentionally induces and contributes to infringement of the ’226 patent in violation of 35 U.S.C. §§ 271(b)-(c). For example, since at least the date of service of this Complaint, BOE has had knowledge of the ’226 patent and of the infringing nature of the Accused Instrumentalities. Despite this knowledge, BOE continues to encourage and instruct customers and end users to use the Accused Instrumentalities in an infringing manner.

57. BOE induces infringement by its customers, including Apple and Google and their contract manufacturers, by manufacturing, selling, and offering to sell OLED display panels that are, by BOE’s own description, not finished goods but interim products made to be incorporated into its customers’ devices. *See Def. BOE Tech. Grp. Co.'s Mot. to Dismiss or Quash Based on Insufficient Service of Process, Longitude Licensing Ltd. v. BOE Tech. Grp. Co.*, No. 2:23-cv-00515-JRG-RSP, Dkt. 13 at 9 (E.D. Tex. Dec. 21, 2023) (withdrawn per Dkt. 45). BOE supplies the majority of the OLED panels for the Apple iPhone 17e, a smartphone that Apple imports into, offers for sale, and sells throughout the United States. *See, e.g.,* Ron Mertens, Apple Signs Up BOE to Supply the Majority of Its LTPS AMOLED Panels for the Budget 2026 iPhone 17e, OLED-Info (Dec. 5, 2025), https://www.oled-info.com/apple-signs-boe-supply-majority-its-ltps-amoled-panels-budget-2026-iphone-17e (last visited Nov. 9, 2026). BOE knows that its panels are destined for the United States: it has itself told this Court that supplying displays for incorporation

into products to be sold, imported, or used in the United States, Texas, and this District is purposeful conduct directed at this forum. *See BOE Tech. Grp. Co. v. Samsung Display Co.*, No. 2:25-cv-00587-JRG, Dkt. 1 ¶¶ 16–17 (E.D. Tex. May 27, 2025).

58. BOE also supports those customers in the United States: the main business of its U.S. subsidiary is to provide technical and pre-sale service to U.S. customers of BOE, encouraging and enabling their incorporation of BOE's panels into devices sold here. *See Def. BOE Tech. Grp. Co.'s Mot. to Dismiss or Quash Based on Insufficient Service of Process, Longitude Licensing Ltd. v. BOE Tech. Grp. Co.*, No. 2:23-cv-00515-JRG-RSP, Dkt. 13 at 2 (E.D. Tex. Dec. 21, 2023) (withdrawn per Dkt. 45).

59. On information and belief, BOE also provides ongoing technical support to its customers and end users and encourages them to use the Accused Instrumentalities in an infringing manner.

60. BOE's customers and end users directly infringe the '226 patent under 35 U.S.C. § 271(a) by importing, selling, offering to sell, and using Apple iPhone 17e and Google Pixel 10a smartphones and other devices that incorporate the accused BOE display panels, in the manner BOE instructs and intends, and BOE's inducement causes that direct infringement.

61. BOE's manufacturers, developers, and distributors also directly infringe the '226 patent when they make, use, sell, offer for sale, and import the Accused Instrumentalities, and BOE's inducement causes that direct infringement.

62. Thus, with full knowledge of the '226 patent and knowledge that the acts it induces constitute infringement of the '226 patent, BOE has knowingly and intentionally induced and continues to induce infringement of the '226 patent.

63. BOE also contributes to the infringement of the ’226 patent by selling, offering for sale, or importing into the United States the Accused Instrumentalities, which incorporate the accused BOE OLED display panels and their thin-film-transistor backplanes, which include the claimed gate-electrode and connecting-member structures. That component constitutes a material part of the inventions claimed in the ’226 patent, is especially made or especially adapted to infringe the ’226 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

64. For example, in **Exhibit 4**, that component is especially made or adapted to infringe the ’226 patent. On information and belief, including a reasonable investigation conducted on behalf of Prevalent into the uses of the Accused Instrumentalities and a review of BOE’s marketing and instructional materials, the claimed backplane structures of the accused BOE panels have no substantial non-infringing use: they are fixed in the panel when it is manufactured, they cannot be used except as part of the accused display device, and a reasonable investigation into the uses of the Accused Instrumentalities identified no other use for them.

65. The accused BOE display panels are especially made for incorporation into its customers’ smartphones; BOE has represented that they are not finished goods but interim products shipped to its customers’ original equipment manufacturers. *See Def. BOE Tech. Grp. Co.'s Mot. to Dismiss or Quash Based on Insufficient Service of Process, Longitude Licensing Ltd. v. BOE Tech. Grp. Co.*, No. 2:23-cv-00515-JRG-RSP, Dkt. 13 at 9 (E.D. Tex. Dec. 21, 2023) (withdrawn per Dkt. 45). BOE designs and manufactures those panels as a self-described technological pioneer in OLED displays, and their thin-film-transistor backplanes are fixed in the claimed configuration when the panels are made. *See BOE Tech. Grp. Co. v. Samsung Display Co.*, No. 2:25-cv-00587-JRG, Dkt. 1 ¶ 1 (E.D. Tex. May 27, 2025).

66. That component is known by BOE to be especially made or especially adapted for use in practicing the claims of the ’226 patent. As set forth above, BOE has knowledge of the ’226 patent and instructs customers and end users to use the Accused Instrumentalities to practice those claims.

67. BOE has also willfully infringed the ’226 patent.

68. BOE has had knowledge of the ’226 patent, and of its infringement of it, since at least the filing and service of this Complaint. Thus, as of that date, BOE has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Instrumentalities to its customers would constitute infringement of the ’226 patent.

69. Despite that knowledge, BOE has continued to make, use, sell, offer to sell, and import the Accused Instrumentalities without taking any steps to avoid infringing the ’226 patent, and that continued infringement after notice is deliberate and willful.

70. BOE’s infringement of the ’226 patent has been and continues to be willful, entitling Prevalent to enhanced damages under 35 U.S.C. § 284.

71. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, BOE has injured Prevalent and is liable for infringement of the ’226 patent pursuant to 35 U.S.C. § 271.

72. As a result of BOE’s infringement of the ’226 patent, Prevalent is entitled to monetary damages in an amount adequate to compensate for BOE’s infringement, but in no event less than a reasonable royalty for the use made of the invention by BOE, together with interest and costs as fixed by the Court.

73. Prevalent’s claims for damages are not limited under 35 U.S.C. § 287, at least because, on information and belief, there are no unmarked patented articles subject to a duty to

mark under the ’226 patent. In any event, BOE has had actual notice of the ’226 patent and of its infringement since at least the filing and service of this Complaint.

## JURY DEMAND

74. Prevalent demands a jury trial pursuant to Federal Rule of Civil Procedure 38.

## RELIEF REQUESTED

Prevalent prays for the following relief:

A. A judgment in favor of Prevalent that BOE has infringed, directly and indirectly, each of the Asserted Patents;

B. A judgment and order requiring BOE to pay Prevalent its damages, costs, expenses, and pre-judgment and post-judgment interest for BOE’s infringement of the Asserted Patents, as provided under 35 U.S.C. § 284;

C. A judgment and order requiring BOE to provide an accounting and to pay supplemental damages to Prevalent, including without limitation pre-judgment and post-judgment interest;

D. A judgment and order requiring BOE to pay Prevalent compulsory ongoing royalties for any continuing infringement after the date of judgment, as determined by the Court;

E. A judgment that BOE’s infringement has been willful, and an award of enhanced damages under 35 U.S.C. § 284;

F. A finding that this case is exceptional under 35 U.S.C. § 285, and an award of Prevalent’s reasonable attorneys’ fees and costs; and

G. Any and all other relief to which Prevalent may be entitled.

Dated: November 19, 2026

Respectfully submitted,

*/s/ Reza Mirzaie*
Reza Mirzaie, CA Bar No. 246953
Email: rmirzaie@raklaw.com
Marc Fenster, CA Bar No. 181067
Email: mfenster@raklaw.com
Brian Ledahl, CA Bar No. 186579
Email: bledahl@raklaw.com
Benjamin T. Wang, CA Bar No. 228712
Email: bwang@raklaw.com
Adam Hoffman, CA Bar No. 218470
Email: ahoffman@raklaw.com
Neil A. Rubin, CA Bar No. 250761
Email: nrubin@raklaw.com
James S. Tsuei, CA Bar No. 285530
Email: jtsuei@raklaw.com
Jason M. Wietholter, CA Bar No. 337139
Email: jwietholter@raklaw.com
Mackenzie Paladino, NY Bar No. 6039366
Email: mpaladino@raklaw.com
Linjun Xu, CA Bar No. 307667
Email: lxu@raklaw.com

**RUSS AUGUST & KABAT**
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

*Attorneys for Plaintiff, Prevalent Display LLC*